[No. 7339.  Decided June 15, 1908.]

ROBERT GARTHLEY *et al.*, *Respondents*, v. SEATTLE ELECTRIC
COMPANY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES — EXCESSIVENESS.  A verdict for
$4,000 for personal injuries sustained by a married woman, thirty-
nine years of age, of unusually good health and extraordinary bodily
strength, is not excessive where it appears that, at the time of the
trial, she was in a neurasthenic condition, and honestly so, according
to the opinions of the doctors, that her hair had turned from coal
black to gray, that she suffered for three months to such an extent
that she could not leave her bed, and had constantly since suffered,
was not able to do her housework, had become prematurely old and
had lost her sexual powers, the verdict having been reduced by the
trial judge, who heard and saw her and the witnesses, from $5,410
to $4,000.

Appeal from a judgment of the superior court for King
county, Frater, J., entered December 5, 1907, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
for personal injuries.  Affirmed.

*James B. Howe* and *Henry S. Elliott*, for appellant.

*Frederick R. Burch* and *Robert H. Lindsay*, for re-
spondents.

[1]Reported in 96 Pac. 155.

DUNBAR, J.—Action for damages for personal injuries, alleged to have been sustained by reason of the negligence of appellant in conducting its street car in the city of Seattle. The case was tried to a jury, and a judgment rendered in the sum of $5,410. On motion for a new trial, the trial court entered an order granting a new trial unless respondents would remit from the verdict the amount in excess of $4,000. Respondents remitted such excess, and judgment was entered against appellant for $4,000 and costs. This appeal is from that judgment.

The main contentions of the appellant are that the judgment is still too large, that the superior court erred in not granting appellant's motion for a new trial on the ground that the verdict was so grossly excessive as to show that it was the result of prejudice and passion, and erred in not requiring the amount of the verdict in excess of $1,500 to be remitted. The testimony showed that the respondent Jane Garthley was, at the time of the accident, a woman thirty-nine years old, a woman of unusually good health and of extraordinary strength of body; that at the time of the trial she was in reality a physical if not a mental wreck. It was testified to by the doctor who had attended her from the time of the accident until the time of the trial and was still in attendance upon her, and also by the doctors who were appointed by the court to examine her and who were introduced by the respondents, that said respondent was in a neurasthenic condition. Neurasthenia is characterized by a group of symptoms commonly known as nervous exhaustion. It is true the doctors testified that there were no objective symptoms of this disease, and that their determination of the fact that the respondent was suffering from this disease was largely induced by the statement and actions of the respondent herself; yet they testified that, in their opinion, she was honest in her statements, and that there was no indication of fraud or pretense on her part.

The testimony shows that, at the time of the accident, her hair was coal black, and that between the time of the accident and the trial it had turned gray; that she had suffered for three months to such an extent that she was unable to leave her bed, and that the suffering had continued at intervals of from two to three days in each week ever since; that from a woman of remarkable strength and activity, she had degenerated into a woman who was not able to do her housework, who was in constant pain, who had to be waited upon almost like a child by her husband and her daughter, who had become prematurely aged, and who had lost her sexual powers and desires. Whether or not this woman was suffering from neurasthenia, it is evident that she suffered greatly from the injuries which were the probable result of the accident; that she was still suffering, and would probably continue to do so for many years, if indeed her injuries were not permanent. The judge who tried the cause, who saw this witness on the stand and heard her testimony in relation to her pitiful condition, estimated the damages at $4,000, and from a reading of all the testimony, both of the respondents and the appellant, we are not prepared to say that the estimate was too large. The objections to the testimony offered seem to be without merit. There are no objections to the instructions, and the case, it seems to us, is free from error.

The judgment is therefore affirmed.

MOUNT, CROW, ROOT, and RUDKIN, JJ., concur.

HADLEY, C. J. and FULLERTON, J., took no part.